FILED

**NOT FOR PUBLICATION**

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUBINDU BARUA, | No. 11-73298 |
| Petitioner, | Agency No. A095-629-943 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Subindu Barua, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Barua claims Muslim extremists harmed and menaced him on account of his Buddhist religion. Substantial evidence supports the agency's adverse credibility determination because Barua omitted from his asylum application that he was beaten at the June 2000 religious event, and because he testified inconsistently about his role in organizing the event. *See Shrestha*, 590 F.3d at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Barua's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Barua's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Barua's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is

2                                                                                    11-73298

more likely than not he would be tortured if returned to Bangladesh. *See id.* at 1156-57.

We reject Barua's contention that the IJ's decision regarding expert testimony violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Finally, we lack jurisdiction to review Barua's contentions regarding the accuracy of the translation and transcript because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**